**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

P.D.,                                              :
                                                   :
                    Plaintiff,                     :
                                                   :
        VS.                                        :
                                                   :        **1 : 21-CV-26 (TQL)**
                                                   :
Commissioner of Social Security,                   :
                                                   :
                    Defendant.                     :
_____

# ORDER

Plaintiff filed this Social Security appeal on February 1, 2021, challenging the

Commissioner's final decision denying her application for disability benefits, finding her not

disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42

U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all

proceedings herein, including but not limited to the ordering of the entry of judgment. The parties

may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of

Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner

applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.

1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual

findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

### Administrative Proceedings

Plaintiff filed an application for disability benefits on April 12, 2017, alleging disability since June 30, 2012. (T-264). Her claim was denied initially and upon reconsideration. (T-184-188, 191-195). A hearing was held before an ALJ in January 2020. (T-125-150). In a hearing decision dated June 29, 2020, the ALJ determined that Plaintiff was not disabled. (T-17-36). The Appeals Council denied Plaintiff's request for review. (T-6-11).

### Statement of Facts and Evidence

Plaintiff, born on April 8, 1954, was 66 years of age at the time of the ALJ's decision. (T-287). Plaintiff alleges disability since June 30, 2012, due to arthritis and disc problems in her back, arthritis in her left knee, and joint pain. (T-287, 291). Plaintiff completed high school and one year of college, and has past relevant work experience as a customer service coordinator. (T-292). Her date last insured for Title II disability purposes was December 31, 2017. (T-287).

As determined by the ALJ, Plaintiff suffers from severe impairments in the form of degenerative

disc disease, degenerative joint disease of the knee, and obesity. (T-23). The ALJ found that the

Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed

impairment, and remained capable of performing work activity at the light exertional level with

certain limitations. (T-25). The ALJ determined that Plaintiff could return to her past relevant work.

and thus was not disabled. (T-30-31).

## DISCUSSION

Plaintiff contends that the ALJ erred in determining her residual functional capacity and erred in

evaluating her subjective complaints.

### *Residual functional capacity*

The ALJ's RFC determination is "an assessment, based upon all of the relevant evidence, of a

claimant's remaining ability to do work despite [her] limitations." *Lewis,* 125 F.3d at 1440; *see also*

*Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11ᵗʰ Cir. 2004) (ALJ must consider all of the record

evidence in making a RFC determination). A claimant's residual functional capacity is the most she

can do despite her limitations and is based on all the relevant evidence in the case record, including

her medical history, medical signs and laboratory findings, the effects of treatment, daily activities,

recorded observations, and any medical source statements. 20 C.F.R. § 404.1545. In order for

Plaintiff to establish functional limitations from impairments, "a diagnosis or a mere showing of a

deviation from purely medical standards of bodily perfection or normality is insufficient; instead, the

claimant must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F.

A'ppx 684, 690 (11ᵗʰ Cir. 2005).

The ALJ determined that

through the date last insured, the claimant had the residual functional

> capacity to perform light work . . . except the individual can lift or
> carry twenty pounds occasionally and ten pounds frequently; can stand
> or walk up to four hours and sit up to six hours in an eight-hour
> workday; needs the option to move from a sitting or standing position
> every thirty to sixty minutes, such as standing for one or two minutes
> before returning to a sitting position; can occasionally perform all
> postural functions but never climb ladders, ropes, or scaffolds; and
> must avoid concentrated exposure to unprotected heights.

(T-25).

Plaintiff asserts that the ALJ improperly substituted her own opinion as to the medical findings in determining Plaintiff's RFC. Plaintiff maintains that after finding the "only physical medical opinion to be partially persuasive . . . [t]he ALJ proceeded to craft an RFC based on review of complex raw medical records". (Doc. 19, p. 10). Plaintiff apparently refers in part to the ALJ's evaluation and conclusions regarding the assessment of a consultative examiner, issued in August 2017. (T-1187-1190). The ALJ properly noted that this assessment provided only that Plaintiff "was expected to have some impairments", but does not provide "the degree of impairment or what the impairments are". (T- 28). A review of the ALJ's decision reveals that she did not substitute her own opinion for that of physicians, but properly found the opinion of the consultative examiner to be only partially persuasive. *See Green v. Social Sec. Admin.,* 2007 WL 1235988, *7 (11th Cir. 2007) (ALJ did not substitute his judgment for that of physician, but merely determined that physician's opinion was inconsistent with objective medical evidence in the record).

The ALJ reviewed the objective medical record, including Plaintiff's comments to physicians and physicians' observations, as well as Plaintiff's course of treatment, medications, and activities. (T-27-29). The ALJ noted Plaintiff's treatment for a knee condition, which included surgical treatment, back pain treatment, and severe obesity. (T-27-28).  The ALJ found that Plaintiff's

impairments, in combination with her obesity, affected her ability to perform work-related tasks, but that her complaints of disabling impairments was inconsistent with the objective medical record, which showed less serious impairments than Plaintiff was alleging, and Plaintiff's reports to treating physicians and the physician's observations, which showed that Plaintiff suffered with some back and knee pain but that treatment with pain medications and injections had been effective. (T-29).

As noted by the Commissioner, Plaintiff bears the burden to establish that she could no longer perform her past relevant work. *Adamo v. Commissioner of Social Sec.,* 365 F. A'ppx 209, 213 (11th Cir. 2010).  Rather than showing that the ALJ improperly substituted her own opinion for that of medical professionals, Plaintiff merely argues that the medical evidence, in her opinion, shows that she is disabled. Plaintiff did not establish that additional limitations on her RFC were supported by the record or that they otherwise significantly affected Plaintiff's ability to perform work activity. "Whether a claimant meets the statutory definition of disability is an administrative finding, not a medical opinion . . . [which] administrative finding is reserved to the Commissioner." *Walker v. Social Security Administration, Commissioner,* 387 F.3d 1333, 1338 (11th Cir. 2021).

To the extent that Plaintiff contends the ALJ erred in determining that her use of a cane was established to have taken place after her date last insured, Plaintiff did not establish that use of a cane was medically required before the expiration of her insured status. To be properly included in the RFC, the use of a cane must be medically necessary, which requires "medical documentation establishing the need" for the cane and "describing the circumstances for which it is needed". Social Security Ruling 96-9p, 1996 WL 374185, at *7. The ALJ properly relied on Plaintiff's January 28, 2020 testimony that she started using a cane "within the last two years" as evidencing her use of the cane "after the Date Last Insured". (T-134, 26). Plaintiff has not pointed to evidence in the record

showing that she medically required a cane prior to the expiration of her insured status on December 31, 2017.

***Subjective complaints***

In regard to her subjective complaints, the ALJ found that these complaints were unsupported by and inconsistent with the objective medical record. (T-26-29). The ALJ also specifically found that Plaintiff's subjective complaints were inconsistent with her activities, including household tasks, shopping, driving, needlework, and computer work. (T-29). The ALJ concluded that "[t]he mild and well managed impairments, the unremarkable observations of treating physicians, the relatively modest course of treatment, and the claimant's activities, indicate that the claimant's allegations are not fully consistent with the medical evidence of record during the insured period. . . . The light level of exertion [in the RFC] is consistent with the light activities that the claimant performs in her personal life." *Id.* The ALJ provides a detailed assessment of the objective medical record that supports her findings regarding Plaintiff's subjective testimony.

The ALJ set out and followed the appropriate standard for evaluating Plaintiff's subjective accounts of pain, finding that Plaintiff suffered from medically determinable impairments that could reasonably be expected to cause the alleged symptoms. (T-26). The ALJ then determined that Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms were not consistent with the medical evidence and other evidence of record. *Id.*

Contrary to Plaintiff's contentions, the ALJ did comply with the requirements of the regulations and Social Security Rulings regarding assessment of Plaintiff's subjective complaints. The ALJ clearly applied the pain standard to evaluate Plaintiff's complaints. The ALJ properly considered all of Plaintiff's symptoms and the extent to which said symptoms were consistent with the evidence, as

6

required by 20 C.F.R. 404.1529. The ALJ did not reject Plaintiff's statements regarding pain and limitation solely based on the objective medical evidence, but included consideration of Plaintiff's daily activities, consideration of the frequency and intensity of the pain, medication taken, and other measures taken to alleviate the symptoms. (T- 25-29). The Court finds that the reasons provided by the ALJ for discrediting Plaintiff's subjective accounts of limitation are supported by substantial evidence.

Although Plaintiff points to evidence that could support her subjective accounts of pain, "the question is not whether evidence could have supported a decision to credit [Plaintiff's] testimony, but rather whether substantial evidence supports the ALJ's decision to partially discount [the] testimony. . . [T]he Court cannot reweigh the evidence or substitute its judgment for the ALJ's judgment." *Yagle v. Commissioner of Social Security,* 2020 WL 1329989, *4 (M.D.Fla. 2020), *citing Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990); *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005).

### *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

SO ORDERED, this 6th day of September, 2022.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**